# In the United States Court of Federal Claims

No. 07-147T
(Filed: January 6, 2012)

|  |  |
|---|---|
| GLEN W. CORKILL, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

**ORDER DENYING RECONSIDERATON**

Pending before the court is the plaintiff's motion for reconsideration of an earlier order in the AMCOR tax partnership litigation[1] dismissing plaintiff's tax motivated interest claims for lack of jurisdiction and denying plaintiff's motion to reconsider that order of dismissal.  See Prati v. United States, 81 Fed. Cl. 422 (2008) ("Prati I"); Prati v. United States, 82 Fed. Cl. 373 (2008) ("Prati II").  In the original decision, Prati I, the

---

[1] This case is one of 77 cases that were originally before Judge Lawrence Block for resolution of common issues.  In brief, the AMCOR partnerships were tax shelter partnerships designed to generate large losses that were then allocable to individual partners, like the plaintiff in this case.  Prati v. United States, 603 F.3d 1301, 1302 (Fed. Cir. 2010) ("Prati III"), cert. denied, 131 S. Ct. 940 (2011).  The IRS determined that the AMCOR partnerships lacked economic substance and the plaintiffs were charged with tax motivated penalty interest arising from their involvement in the AMCOR partnerships.  In these cases, the plaintiffs challenged the imposition of tax motivated interest.

trial court (Judge Lawrence Block) dismissed the plaintiff's claims relating to the assessment of tax motivated penalty interest under Section 6621(c) of the Internal Revenue Code (I.R.C.)[2] on the grounds that the claims were barred by Section 7422(h) of the I.R.C.[3]  Judge Block's original decision was affirmed by the Federal Circuit in Prati III.  Prior to the Federal Circuit ruling in Prati III, Judge Block vacated judgment as to fifteen cases,[4] including the plaintiff's, holding that the plaintiffs in those cases would be bound by the Prati I ruling with regard to the tax motivated interest claims, but that dismissal did not reach the plaintiffs' individual tax claims.  See Prati II, 82 Fed. Cl. at 379.  Specifically, the order provided that the decision dismissing the case for lack of jurisdiction would be vacated "for the limited purpose of allowing plaintiffs to pursue any unresolved, case-specific claims that may still be outstanding."  Id.  After Prati I was affirmed and certiorari was denied, Judge Block denied the plaintiff's request to reconsider the application of the Prati I decision to this case.  The case was then

---

[2] All references to the I.R.C. are in Title 26.  Former § 6621(c) was added to the I.R.C. in 1984 to discourage the growth of abusive tax shelters.  See Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 144(a), 98 Stat. 682; Staff of the Joint Committee on Taxation, 98th Cong., General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, 485-86 (Joint Comm. Print 1984).  This provision was repealed by the Omnibus Budget Reconciliation Act of 1989, Pub. L. No. 101-239, § 7721(b), 103 Stat. 2399.  The repeal was effective for tax returns due after December 31, 1989.

[3] Section 7422(h) states:  "No action may be brought for a refund attributable to partnership items (as defined in § 6231(a)(3)) except as provided in § 6228(b) or § 6230(c)."  I.R.C. § 7422(h).

[4] See Prati II, 82 Fed. Cl. at 379 n.4 (listing the fifteen cases in which final judgments were to be vacated).

transferred to the undersigned for resolution of the unresolved individual case-specific claims.

Upon transfer to the undersigned, the plaintiff moved once again for reconsideration of Judge Block's order regarding the application of Prati I to this case. The plaintiff argues that this case is factually distinct from Prati I and that he should be allowed to challenge the imposition of tax motivated interest in this refund case. For the reasons discussed below, the motion for reconsideration is **DENIED**.

Under Rule 54(b) of the Rules of the Court of Federal Claims ("RCFC"), a court may reconsider an order that "adjudicates fewer than all the claims" in a case "at any time before entry of judgment . . . ." RCFC 54(b). To prevail on a motion for reconsideration, a litigant must show "extraordinary circumstances which justify relief." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)). Extraordinary circumstances may include an intervening change in law, the availability of previously unavailable evidence, or the prevention of manifest injustice. See Matthews v. United States, 73 Fed. Cl. 524, 526 (2006); Fru-Con Constr., 44 Fed. Cl. at 301. Tested by these standards, the plaintiff's motion fails.

The plaintiff supports his motion for reconsideration with the affidavit of Frederick H. Behrens, dated January 11, 2011. ECF No. 24-1, Ex. 1. Mr. Behrens was the tax matters partner ("TMP") for the plaintiff's AMCOR limited partnership. In the affidavit, Mr. Behrens states that in contrast to the AMCOR plaintiffs that settled their liability, he never agreed to the assessment of tax penalty interest for any of the non-

settling plaintiffs, including this plaintiff. Id. at ¶ 16. Armed with this information, the plaintiff argues that there has never been a decision by the Tax Court regarding the appropriateness of tax motivated penalty interest in this case and thus the appropriateness of the assessment may now be heard. The plaintiff argues that absent a binding court decision identifying the "sham transactions" to support tax motivated penalty interest, the issue may be litigated in an individual refund action. The plaintiff further argues that in Duffie v. United States, 600 F.3d 362 (5th Cir. 2010), the Fifth Circuit recognized this principle and held that a challenge to the imposition of tax motivated penalty interest was barred under Section 7422(h) only where principles of res judicata preclude review.

The government argues in response that the plaintiff's reliance on Mr. Behrens's affidavit is misplaced. The government contends that the affidavit does not provide any new facts that were not available to Judge Block and therefore it cannot support a motion for reconsideration. The government further argues that the Federal Circuit decision in Prati III, rather than the Fifth Circuit decision in Duffie, is controlling, and that under Prati III it does not matter whether there has been a prior court determination or whether the plaintiff agreed to imposition of tax motivated penalty interest. Rather, the government argues, Prati III is based on the simple proposition that any argument directed to the nature of the partnership transaction – such as whether the transactions were "sham" transactions subject to Section 6621(c) interest – must be brought in a tax partnership proceeding and may not be heard by the Court of Federal Claims in an individual refund action. See Prati III, 603 F.3d at 1309.

The court agrees with the government and with the reasoning in the recent decisions in Boland v. United States, No. 06-859T (Fed. Cl. Nov. 17, 2011) (Futey, J.), Martin v. United States, No. 03-2272T, 2011 WL 6035557 (Fed. Cl. Dec. 5, 2011) (Damich, J.), and Fournier v. United States, No. 06-933T, 2011 WL 6187094 (Fed. Cl. Dec. 13, 2011) (Wheeler, J.), denying reconsideration in related AMCOR cases, each of which was transferred following Judge Block's last ruling.  The plaintiffs in all three of those cases put forth virtually identical arguments for reconsideration as the plaintiff in this case.  In rejecting these arguments in Boland, the court explained:

> [T]he Federal Circuit in Prati III clearly ruled that section 7422(h) bars this Court from considering . . . penalty interest claims, and that court did so in a binding decision issued after the non-binding decision in Duffie.  The Court will not reopen this closed issue just because [the plaintiffs] believe that, essentially, the Federal Circuit got it wrong.

Boland No. 06–859T, at 9.  In Martin, the court similarly dismissed the plaintiffs' motion, stating:

> The Federal Circuit . . . was clear: "Because the appellants' challenge to the penalty interest assessments is inherently a dispute over the proper characterization of the partnerships' transactions, that issue is barred by section 7422(h) from being litigated in the refund action before the Court of Federal Claims."  Duffie plainly does not suffice as grounds for reconsideration on the basis of a change in controlling legal authority.

Martin, 2011 WL 6035557, at *8 (quoting Prati III, 603 F.3d at 1308).  In Fournier, the court again dismissed these same arguments, as follows:

> The settling/non-settling partner distinction creates no "manifest injustice" and certainly is not so extraordinary as to justify reconsideration of Prati I. . . . [A]s the longtime Chairman of Amcor and the TMP for all of the Amcor partnerships applicable to Plaintiffs, Mr. Behrens's affidavit was "readily available" at earlier stages in this litigation . . . and regardless, the self-serving affidavit of the Chairman of a tax shelter promoter would not be

"extraordinary" within the meaning of Caldwell. . . . Plaintiffs' counsel already had the opportunity to brief the Prati III appellate panel on . . . Duffie, and the Federal Circuit was not persuaded.

Fournier, 2011 WL 6187094, at *6-7. Here, as in Boland, Martin, and Fournier, the fact that the plaintiff did not litigate his objections to the imposition of tax motivated penalty interest during the Tax Court partnership case, nor elect to seek Mr. Behrens's affidavit at an earlier date, does not change the binding effect of Prati III.[5] The plaintiff had the opportunity to challenge the imposition of Section 6621(c) interest in the Tax Court proceeding but elected not to do so. Having failed to raise his objections at the proper time and in the proper forum, Federal Circuit precedent precludes him from challenging the correctness of the assessment in an individual refund case.

Accordingly, because the plaintiff has demonstrated no extraordinary circumstances warranting this court's reconsideration, his motion for reconsideration is **DENIED**. The parties shall file a joint status report by **January 23, 2012** with a proposed schedule for resolving the plaintiff's remaining claims.

**IT IS SO ORDERED.**

s/Nancy B. Firestone<br>
NANCY B. FIRESTONE<br>
Judge

---

[5] Similarly, here, as in Boland, Martin, and Fournier, the plaintiff has presented no compelling argument that Jade Trading, LLC ex rel. Ervin v. United States, 598 F.3d 1372 (Fed. Cir. 2010), Stobie Creek Invs. LLC v. United States, 608 F.3d 1366 (Fed. Cir. 2010), Henderson ex rel. Henderson v. Shinseki, 131 S.Ct. 1197 (2011), or United States v. Tohono O'odham Nation, 131 S.Ct. 1723 (2011) constitute intervening case law meriting reconsideration of the binding effect of the Prati I decision with respect to this case. See Boland, No. 06–859T, at 9-10; Martin, 2011 WL 6035557, at *9; Fournier, 2011 WL 6187094, at *7-8.